IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

P.K.,[1]

        Plaintiff,

v.

FRANK BISIGNANO,[2]
**Commissioner of the Social Security Administration,**

        Defendant.

Case No. 24-2010-DDC

## MEMORANDUM AND ORDER

Plaintiff P.K. filed this lawsuit seeking judicial review of an adverse benefits decision by defendant, the Commissioner of the Social Security Administration. Doc. 1. The court agreed with plaintiff that the Commissioner's decision contained legal error and thus reversed that decision and remanded the case. Doc. 18. Plaintiff now has moved for an award of attorney fees under the Equal Access to Justice Act (EAJA). Doc. 20.

Under the "EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). Plaintiff plainly satisfies the first element.

---

[1]     As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2]     Frank Bisignano was confirmed as the Commissioner of the Social Security Administration earlier this year. The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d). Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

And on the second element, "the Commissioner had the burden of proof to show that [his] position was substantially justified." *Id.* The Commissioner has not opposed plaintiff's motion, so the court considers this second element satisfied. Also, the court can't detect any special circumstances creating an unjust fee award. So, the court concludes that it must award attorney fees.

Once "the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008). The burden falls on plaintiff to establish the award, "documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A plaintiff "should exercise billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* (quotation cleaned up). "In assessing EAJA fee requests, district courts routinely note that it typically takes between twenty to forty hours to fully prosecute a social security appeal." *Roxanne C. v. Colvin*, No. CV C23-233 GBW, 2025 WL 89295, at *3 (D.N.M. Jan. 14, 2025) (collecting cases).

Here, plaintiff submits that his attorney worked 26.9 hours on this case. Doc. 20-1 at 1. These hours lie well within the typical range. Multiply these hours by the statute-prescribed $125 hour rate, adjusted for inflation, and plaintiff calculates $6,316.65 in attorney fees. *Id.* The parties have stipulated to a $6,000 award of attorney fees. Doc. 22. The court thus concludes that the stipulated award is a reasonable one.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA attorney fee is payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt

the litigant may owe to the United States.  In addition, if plaintiff's counsel ultimately receives an award of attorney fees pursuant to 42 U.S.C. § 406(b), counsel must refund the smaller award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS THEREFORE ORDERED BY THE COURT THAT** pursuant to 28 U.S.C. § 2412, plaintiff is granted attorney fees under the EAJA in the amount of **$6,000.**  The check for attorney fees should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS FURTHER ORDERED THAT** plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. 20) is granted.

**IT IS SO ORDERED.**

**Dated this 3rd day of September, 2025, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**